MEWHORTER, APPELLANT, *v.* EX-CELL-O CORPORATION, APPELLEE, ET AL.

[Cite as Mewhorter *v.* Ex-Cell-O Corp. (1986), 23 Ohio St. 3d 13.]

(No. 85-1040—Decided March 26, 1986.)

14

*Jerry L. Riseling,* for appellant.
*Jack L. Johnson,* for appellee.

LOCHER, J. This appeal is predicated solely upon the narrow question of whether the bill and attachments filed by Dr. Lin, which were averred to be related to the procedures performed in February 1978, sufficed to give notice for the purposes of the limitation period specified in R.C. 4123.84(A)(1). For the following reasons we hold that the aforesaid bill and attachments constituted sufficient notice, and accordingly we reverse the court of appeals solely on the question of jurisdiction and without opinion as to the merits of appellant's workers' compensation claim.

R.C. 4123.84 states, in pertinent part,

"(A) In all cases of injury or death, claims for compensation for the specific part or parts of the body injured shall be forever barred unless within two years after the injury or death:

"(1) Written notice of the specific part or parts of the body claimed to have been injured has been made to the industrial commission of the bureau of workers' compensation; * * *."

It has been recognized that the purpose of the initial filing period of R.C. 4123.84 "* * * is to enable the employers to protect themselves by prompt investigation of the injuries. It is primarily a notice requirement. Thus, it may be distinguished in purpose from general statutes of limitations which serve to protect against 'stale claims' or 'faded memories' and

to gain the 'repose' of society." Nackley, The Initial Filing Period in Ohio Workers' Compensation Law (1980), 7 N. Ky. L. Rev. 33, 34. Additionally, when we seek to interpret R.C 4123.84 we are obliged to follow the dictates of R.C. 4123.95 which requires a liberal construction of "sections 4123.01 to 4123.94, inclusive" in favor of employees.

With these principles in mind, we now turn to the issue at bar: whether the filing of the medical bill and attachments, referring to two prior claims with an employer, constituted sufficient notice to toll the limitations period. In the present case appellant's bill and information attached thereto were filed with the employer, which acknowledged receipt and forwarded the materials to the Bureau of Workers' Compensation which received the information on April 17, 1978. Contained in those materials was a reference to prior claim No. 597954-22, the underlying injury of which occurred on July 30, 1976. Thus, the subsequent claim was clearly filed within the limitations period. The propriety of the subsequent claim, *i.e.,* whether the surgical procedure actually related to claim No. 597954-22, was a question distinct and apart from the question of jurisdiction.

Both the trial court and court of appeals appeared to have overlooked R.C. 4123.512(A) which expressly states that "* * * [i]f the administrator shall receive from a person other than the claimant written information indicating that an injury * * * has occurred * * * [t]he receipt of such information and such notice by the administrator shall be considered an application for compensation under section 4123.84 * * * of the Revised Code." Reading R.C. 4123.512 *in pari materia* with R.C. 4123.84, and recognizing that R.C. 4123.84 is primarily designed to give a self-insured employer notice of a claim (cf. *Roseborough* v. *N.L. Industries* [1984], 10 Ohio St. 3d 142, syllabus), there can be no doubt that the bill and attachments, submitted by Dr. Lin to claimant's employer and subsequently forwarded to the Bureau of Workers' Compensation within the limitations period, were adequate for jurisdictional purposes. Because of the liberal interpretation we must give R.C. 4123.84, we reaffirm today that notice of a claim by a third party to the Bureau of Workers' Compensation referring to a prior claim, and filed within two years of the occurrence of the injury underlying such prior claim, does not divest the court of jurisdiction over the subsequent claim. Determination on the merits, whether or not the subsequent claim is indeed related to the basis for the prior claim, is an entirely different question and one we expressly do not address.

Accordingly we reverse the judgment of the court of appeals and remand the cause to the trial court for proceedings consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

CELEBREZZE, C.J., SWEENEY, HOLMES, C. BROWN, DOUGLAS and WRIGHT, JJ., concur.