EDWARDS, APPELLEE, *v.* AT&T TECHNOLOGIES, INC., APPELLANT, ET AL.

[Cite as Edwards *v.* AT&T Technologies, Inc. (1989), 42 Ohio St. 3d 119.]

(No. 88-15—Submitted February 8, 1989—Decided May 3, 1989.)

*Gibson & Robbins-Penniman* and *J. Miles Gibson,* for appellee.

*Porter, Wright, Morris & Arthur, Charles J. Kurtz III* and *Darrell R. Shepard,* for appellant.

*Per Curiam.* We begin our review by noting that the appellate court judgment was rendered without the benefit of our recent decision in *Clementi* v. *Wean United, Inc.* (1988), 39 Ohio St. 3d 342, 530 N.E. 2d 909. *Clementi,* in applying R.C. 4123.84's statute of limitations to "flow-through" conditions, requires any motion for additional allowance to be filed within two years "of the time claimant knew or should have known of the additional condition." *Id.* at syllabus.

Applying *Clementi* to the present facts, we must determine whether appellee knew or should have known of the psychiatric condition prior to December 6, 1980—the date two years prior to her application. We answer this question in the negative. While the reports of Drs. Larrick, Smith, Loomis and Ridgeway preceded the above date, we are unconvinced that their references to a possible psychiatric condition were sufficient to put appellee on notice of a psychiatric condition related to her industrial injury. Absent such evidence, we find appellee's application timely.

Accordingly, we reverse that portion of the appellate judgment finding R.C. 4123.84's statute of limitations inapplicable to the case at bar. We, however, affirm that portion of the judgment finding that appellee's application was timely filed and reversing the decision of the court of common pleas.

*Judgment reversed in part and affirmed in part.*

MOYER, C.J., WRIGHT, H. BROWN and RESNICK, JJ., concur.

SWEENEY and DOUGLAS, JJ., concur in judgment only.

HOLMES, J., concurs in part and dissents in part.

HOLMES, J., concurring in part and dissenting in part. I agree with the majority that the court of appeals should be reversed as to the applicability of R.C. 4123.84 to "flow-through" conditions as set forth in *Clementi* v. *Wean United, Inc.* (1988), 39 Ohio St. 3d 342, 530 N.E. 2d 909. However, I disagree with the conclusion of the majority here that the appellee had not been put on notice of her psychiatric or psychological problems two years prior to the filing of her application.

Here, Edwards' psychological condition had been noted upon a number of occasions in reports related to her industrial injury by various doctors and commission specialists between

March 31, 1977 and July 17, 1980. In March 1977, Dr. Larrick noted "some distinct indications of functional overlay." Later that year, commission specialists, Gail Young, a work evaluator, and Charles W. Loomis, a licensed psychologist, found a psychosomatic overlay. In 1979, Dr. William S. Smith stated:

"It is my impression that, at this particular time, this lady's examination, history and the self diagram in which she diagrammed her pain pattern all demonstrate that the majority of symptoms at this particular time are conversional in nature. It is obviously impossible to totally separate any organic musculoskeletal disease from such an overwhelming conversional reaction but there is certainly no objective finding other than the very questionable diminished achilles reflex on the left lower extremity which is not associated with muscle atrophy at the calf.

"I, therefore, would have to conclude that this symptom complex does not represent organic disease sufficiently enough to warrant total disability from work at this time and certainly feel that psychologically, return to light work without heavy lifting would be beneficial."

The following year, 1980, Edwards was examined by Dr. Joseph A. Ridgeway, also a commission specialist, who concluded, "this lady should have the benefit of * * * psychological consultation." Edwards was represented by counsel throughout this period of time and all the above-mentioned reports were filed with the commission.

It is submitted that this evidence contained in the reports concerning Edwards' industrial injury is sufficient proof that a diligent person should have inquired further concerning the causal relationship between the injury and the psychological condition. Edwards was represented by legal counsel through this period who had these records fully available to them.

In holding that appellee had not been put on such notice, the court of appeals, and this court, are substituting their respective judgments for that of the trial court.

I would reverse the court of appeals in all respects.