HULL, Appellant,

v.

MAYFIELD, Admr., Appellee, et al.

[Cite as *Hull v. Mayfield* (1990), 70 Ohio App.3d 453.]

Court of Appeals of Ohio,
Shelby County.

No. 17–89–10.

Decided Nov. 28, 1990.

*Casper & Casper* and *Douglas W. Casper,* for appellant.

*Anthony J. Celebrezze, Jr.,* Attorney General, and *Teresa Oglesby–McIntyre,* Assistant Attorney General, for appellee.

THOMAS F. BRYANT, Judge.

This is an appeal from a judgment entered by the Common Pleas Court of Shelby County denying plaintiff-appellant's motion for summary judgment and granting defendant-appellee's motion for the same.

On February 27, 1984, while employed by A.C. Leasing, a state-funded insurance employer, plaintiff-appellant George Hull was injured in an industrial accident. Hull received workers' compensation benefits for those injuries claimed on his original application, which include headaches, left rib strain and bruise, and injuries to the left arm.

In January 1987, Hull sought to modify his original application for benefits by filing a motion seeking additional benefits for a lower back injury alleged to have also occurred in the February 1984 accident. The Dayton Regional Board of Review reversed a decision by a district hearing officer and allowed the additional claim. This decision was appealed by A.C. Leasing to the Industrial Commission of Ohio, which reinstated the original order of the hearing officer disallowing the claim.

On appeal by Hull to the Common Pleas Court of Shelby County, both parties filed motions for summary judgment. The point of contention between the parties is whether Hull was barred by the two-year statute of limitations set forth in R.C. 4123.84(A) requiring notice to be given to the Bureau of Workers' Compensation or the Regional Board of Review. The trial court denied Hull's motion for summary judgment and granted that of appellee James Mayfield, Administrator of the Bureau of Workers' Compensation.

It is from this judgment that appellant now appeals, asserting a single assignment of error which is:

"Whether or not the trial court erred in denying plaintiff-appellant's motion for summary judgment and granting the defendant-appellee's motion for summary judgment."

The trial court granted appellee's motion for summary judgment on a question of law, specifically the application of R.C. 4123.84.

Therefore, our review of the court's decision on appeal is limited to whether the court abused its discretion when denying appellant's motion for summary judgment and granting appellee's motion. *Angelkovski v. Buckeye Potato Chips Co.* (1983), 11 Ohio App.3d 159, 161, 11 OBR 242, 244, 463 N.E.2d 1280, 1283.

" ' "[A]n abuse of discretion involves far more than a difference in opinion. * * * The term discretion itself involves the idea of choice, of an exercise of the will, of a determination made between competing considerations. In order to have an 'abuse' in reaching such determination, the results must be so palpably and grossly violative of fact and logic that it evidences not the exercise of will but perversity of will, not the exercise of judgment but defiance thereof, not the exercise of reason but rather of passion or bias * * *." ' " *Witter v. Witter* (Feb. 21, 1990), Hancock App. No. 5–89–24, unreported, 1990 WL 16696, quoting *Huffman v. Hair Surgeon, Inc.* (1985), 19 Ohio St.3d 83, 87, 19 OBR 123, 126–127, 482 N.E.2d 1248, 1252 (citing *State v. Jenkins* [1984], 15 Ohio St.3d 164, 222, 15 OBR 311, 361, 473 N.E.2d 264,

314). In its decision, the trial court construed R.C. 4123.84(A)(1) as in effect at the time relevant to this appeal. R.C. 4123.84 stated:

"(A) In all cases of injury or death, claims for compensation or benefits for the specific part or parts of the body injured shall be forever barred unless, within two years after the injury or death:

"(1) Written notice of the specific part or parts of the body claimed to have been injured has been made to the industrial commission or the bureau of workers' compensation [.]"

R.C. 4123.84 requires a claimant to file a written motion for an additional allowance within two years of the time the claimant knew or should have known of the additional condition. *Clementi v. Wean United, Inc.* (1988), 39 Ohio St.3d 342, 347, 530 N.E.2d 909, 914. The purpose of this two-year time period is " ' * * * to enable the employers to protect themselves by prompt investigation of the injuries. It is primarily a notice requirement. Thus, it may be distinguished in purpose from general statutes of limitations which serve to protect against "stale claims" or "faded memories" and to gain the "repose" of society.' " *Mewhorter v. Ex–Cell–O Corp.* (1986), 23 Ohio St.3d 13, 14–15, 23 OBR 11, 12, 490 N.E.2d 610, 611.

Hull argues that his additional claim, filed in January 1987, is not barred by the expiration of the two-year statutory period. He asserts that the statute of limitations was tolled when the bureau received and paid medical bills which included fees for lower back treatments. Ohio courts have found that delivery and payment of medical bills by a self-insured employer is sufficient to fulfill the notice requirement of R.C. 4123.84(A), thereby tolling the statute of limitations. *Barchus v. American Standard, Inc.* (May 15, 1990), Seneca App. No. 13–88–37, unreported, 1990 WL 68010. See, also, *Mewhorter, supra*, 23 Ohio St.3d at 14, 23 OBR at 12, 490 N.E.2d at 611. However, these cases are inapposite to the case *sub judice*.

■ As stated in the trial court's order, the above-mentioned cases are distinguishable from the present case in that they involve self-insured employers as opposed to state-fund insured employers. Payment of compensation or benefits by a self insured employer constitutes a potential claim against the employer's coverage. Therefore, it is notice of a possible claim and results in a waiver of the statute of limitations. In contrast, a state-fund insured employer does not waive the statute of limitations by merely paying similar compensation or benefits because it is not the processing agent for the claims of its employees. It is the Bureau of Workers' Compensation, not the employer, which has the responsibility of collecting the evidence and ruling on

the claim in such a case. *Wargetz v. Villa Sancta Anna Home for the Aged* (1984), 11 Ohio St.3d 15, 17, 11 OBR 49, 51, 462 N.E.2d 1215, 1217.

■ Claims against state-fund insured employers are ordinarily timely only if written notice is given to the commission or bureau within two years of the injury. *Roseborough v. N.L. Industries* (1984), 10 Ohio St.3d 142, 144, 10 OBR 478, 480, 462 N.E.2d 384, 386. See, also, R.C. 4123.84(A)(1). R.C. 4123.84 provides two additional methods through which a self-insured employer will receive notification of a claim. These additional methods reflect the legislature's intention to broaden the meaning of "instituting" or "pursuing" a claim when the involved employer is self-insured. *Id.,* 10 Ohio St.3d at 144, 10 OBR at 480, 462 N.E.2d at 386. The failure of the legislature to provide any other methods by which the bureau or commission may be notified of a worker's claim when the employer's insurance is state-funded suggests that the language of the R.C. 4123.84(A)(1) is to be strictly construed.

■ We believe the trial court correctly construed the intent of the legislature and language of the statute. The court found that receipt and payment by the Bureau of Workers' Compensation of medical bills which include mention of an unclaimed injury is not sufficient notice of an additional claim to toll the running of the two-year statute of limitations set forth in R.C. 4123.84. We hold that the trial court, in denying appellant's motion for summary judgment and granting appellee's motion for the same, correctly applied the law and, therefore, did not abuse its discretion.

For the reasons and authorities stated above, we affirm the judgment of the Common Pleas Court of Shelby County.

*Judgment affirmed.*

SHAW, P.J., and EVANS, J., concur.