DIETRICK, Appellant,

v.

OHIO BUREAU OF WORKERS' COMPENSATION et al., Appellees.

[Cite as *Dietrick v. Ohio Bur. of Workers' Comp.* (1991), 72 Ohio App.3d 567.]

Court of Appeals of Ohio,
Hancock County.

No. 5-89-14.

Decided Feb. 20, 1991.

*Jeffrey M. Decile,* for appellant.

*Teresa Oglesby–McIntyre,* Assistant Attorney General, for appellee.

---

EVANS, Judge.

Appellant-claimant, Barbara J. Dietrick, appeals from a judgment of the Court of Common Pleas of Hancock County sustaining the motion of appellees, the Bureau of Workers' Compensation et al., for a directed verdict.

Appellant, Barbara J. Dietrick, sustained a compensable injury on January 2, 1979, while in the course of and arising out of her employment with Wolf's

Huddle Inn. More specifically, in claim No. 79–48 appellant's application was recognized for an injury to her ankle which was dislocated and broken in three places as a result of her fall on the ice in her employer's parking lot.

In 1983, while lifting a laundry basket, appellant's lower back "snapped," causing her extreme pain. Upon seeking medical treatment, her condition improved within a couple weeks. Appellant's lower back "snapped," again in 1986, when she bent over to pick up her grandchild. Appellant sought medical treatment from Dr. Gary Petro, who diagnosed her condition as chronic vertebra disc syndrome of the lower spine. Petro opined that appellant's 1979 ankle injury changed her gait which, in turn, placed excessive strain on her lower back which, in turn, resulted in the condition for which appellant now seeks additional workers' compensation benefits.

On June 25, 1986, appellant filed an application for an additional allowance to her workers' compensation award. On July 18, 1986, an Industrial Commission hearing officer rejected her claim. That decision was subsequently affirmed on appeal by the regional board of review. On September 11, 1987, appellant, pursuant to R.C. 4123.519, appealed the decision to the Court of Common Pleas of Hancock County. On January 5, 1989, the matter proceeded to trial where, at the close of appellant's case-in-chief, appellees orally moved for a directed verdict on the grounds that appellant's application for an additional allowance was barred by the two-year statute of limitations imposed by R.C. 4123.84. Simultaneously, appellees sought leave to amend their answer to include that affirmative defense. By judgment of April 6, 1989, the trial court granted appellees leave to amend their answer and sustained their motion for a directed verdict, finding that appellant should have known of her injury in 1983 and, thus, her 1986 filing was barred by the two-year statute of limitations.

It is from this judgment that appellant appeals, submitting five assignments of error, which provide as follows:

"1. The trial court erred in directing a verdict against the plaintiff-appellant, and by deciding that the statute of limitations contained in R.C. 4123.84 had expired."

"2. The trial court erred by permitting the defendants to raise a defense not contained in their answer on the day of trial."

"3. The trial court erred in deciding that it lacked jurisdiction over the plaintiff's claim."

"4. The trial court erred in not sustaining the plaintiff's motion to compel the production of medical records."

"5. The trial court erred in not assessing court costs against the defendants for intentionally concealing a defense until the day of the trial and thereby wasting the time of the plaintiff, the jurors and the court."

Relevant to appellant's first assignment of error, R.C. 4123.84 provides in part as follows:

"(A) In all cases of injury or death, claims for compensation or benefits for the specific part or parts of the body injured shall be forever barred unless, within two years after the injury or death:

"(1) Written notice of the specific part or parts of the body claimed to have been injured has been made to the industrial commission or the bureau of workers' compensation."

■ Thus, an injured claimant generally has two years from the date of his or her injury within which to file an application for workers' compensation benefits. However, this is not to say that only those related conditions which manifest themselves within two years of the original injury are compensable. Rather, allowance is made for those related conditions which surface thereafter. These related conditions are commonly referred to as "residual" or "flow through" injuries which have been defined as "one developing in a body part not originally alleged per R.C. 4123.84(A)(1)." *Dent v. AT & T Technologies, Inc.* (1988), 38 Ohio St.3d 187, 527 N.E.2d 821.

The application of the two-year statute of limitations to a "residual" or "flow through" injury was first addressed by the Supreme Court of Ohio in *Clementi v. Wean United, Inc.* (1988), 39 Ohio St.3d 342, 530 N.E.2d 909, syllabus, wherein the court concluded that:

"R.C. 4123.84 requires a claimant to file a motion for an additional allowance within two years of the time the claimant knew or should have known of the additional condition." See, also, *Edwards v. AT & T Technologies, Inc.* (1989), 42 Ohio St.3d 119, 537 N.E.2d 1305.

In applying these cases and R.C. 4123.84 to the case at bar the trial court, in its judgment of April 6, 1989, concluded that:

"The plaintiff's evidence clearly establishes she knew in 1983 of her additional condition or should have known of it and taken action at that time rather than waiting until 1986."

Appellant contends that the statute of limitations, where applied to a "residual" or "flow through" injury, does not begin to run until a claimant knows or should know not only of the condition but also of its causal relationship to his or her original injury. Conversely, appellees argue that for the statute of limitations to commence running a claimant need only know or have reason to know of the condition itself. Thus, the issue squarely before

us is whether, in order for the statute of limitations to commence, a claimant need know or have reason to know of the causal relationship between the original injury and the subsequent "residual" or "flow through" injury.

In *Edwards, supra*, 42 Ohio St.3d at 120, 537 N.E.2d at 1306, the Supreme Court of Ohio stated as follows:

"Applying *Clementi* to the present facts, we must determine whether appellee knew or should have known of the psychiatric condition prior to December 6, 1980—the date two years prior to her application. We answer this question in the negative. While the reports of Drs. Larrick, Smith, Loomis and Ridgeway preceded the above date, we are unconvinced that their references to a possible psychiatric condition were sufficient to put appellee on notice of a psychiatric condition *related to her industrial injury*. Absent such evidence we find appellee's application timely." (Emphasis added.)

■ We read this passage to clearly imply that the Supreme Court intended that a causal relationship be present in the "know or should have known" analysis.

Appellant testified that she first experienced back pain in 1983, which subsided shortly thereafter. The record contains absolutely no evidence that appellant was instructed by her treating physician that the condition may have been related to her earlier ankle injury. We conclude that appellant neither knew nor had reason to know that her back condition was related to her earlier ankle injury until Dr. Petro advised her of such in 1986 when her back condition resurfaced.

We hold that the two-year statute of limitations, as applied to a claimant asserting a "residual" or "flow through" injury will commence at such time as the claimant knows or should know of (1) the condition, and (2) its causal relationship to the preceding industrial injury.

Civ.R. 50(A)(4) provides as follows:

"When a motion for a directed verdict has been properly made, and the trial court, after construing the evidence most strongly in favor of the party against whom the motion is directed, finds that upon any determinative issue reasonable minds could come to but one conclusion upon the evidence submitted and that conclusion is adverse to such party, the court shall sustain the motion and direct a verdict for the moving party as to that issue."

■ Upon review of the record in the light most favorable to the non-movant, we conclude that reasonable minds could arrive at more than one conclusion on the issue of whether appellant's claim was barred by the statute of limitations contained in R.C. 4123.84.

Accordingly, appellant's first assignment of error is well taken and is sustained.

Appellant's second assignment of error contends that the trial court erred in granting appellees leave to amend their answer to include the defense that appellant's claim was barred by the statute of limitations found in R.C. 4123.84.

Civ.R. 15(A), pursuant to which appellees sought leave to amend their answer, provides as follows:

"A party may amend his pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, he may so amend it at any time within twenty-eight days after it is served. Otherwise a party may amend his pleading only by leave of court or by written consent of the adverse party. Leave of court shall be freely given when justice so requires. A party shall plead in response to an amended pleading within the time remaining for response to the original pleading or within fourteen days after service of the amended pleading, whichever period may be the longer, unless the court otherwise orders."

■ It is well settled that leave to amend is to be liberally granted so as to effect the resolution of cases on their merits rather than on procedural technicalities. See *Hoover v. Sumlin* (1984), 12 Ohio St.3d 1, 12 OBR 1, 465· N.E.2d 377; *Peterson v. Teodosio* (1973), 34 Ohio St.2d 161, 63 O.O.2d 262, 297 N.E.2d 113. The Supreme Court of Ohio considered the applicable scope of review in *Hoover, supra*, paragraph two of the syllabus, as follows:

"The granting of a motion for leave to amend a pleading shall not be disturbed on appeal absent a showing of bad faith, undue delay or undue prejudice to the opposing party."

On review of the record, we find nothing which would require us to overrule the decision of the trial court permitting the appellees to amend their answer during trial.

The second assignment of error is overruled.

Appellant's third assignment of error contends that the trial court erred in finding that it did not have subject matter jurisdiction to hear this appeal from the order of the Industrial Commission.

■ A claimant's right to appeal the findings of the Industrial Commission and a trial court's jurisdiction thereover are governed by R.C. 4123.519(A), which provides, in pertinent part, as follows:

" * * * Notice of the appeal shall be filed by the appellant with a court of common pleas within sixty days after the date of the receipt of the decision appealed from or the date of receipt of the order of the commission refusing to permit an appeal from a regional board of review. *The filing shall be the only act required to perfect the appeal.*" (Emphasis added.)

In application of this section, the Supreme Court of Ohio in *Singer Sewing Machine Co. v. Puckett* (1964), 176 Ohio St. 32, 26 O.O.2d 303, 197 N.E.2d 353, paragraph two of the syllabus, concluded that:

"Under Section 4123.519, Revised Code, the filing of a petition by a claimant is not jurisdictional. The filing of a notice of appeal with the Industrial Commission of Ohio and the Court of Common Pleas is the only act required to perfect the appeal and vest jurisdiction in the court."

In the case at bar, the trial court concluded that it lacked subject matter jurisdiction because appellant's claim was barred by the two-year statute of limitations. The trial court concluded that R.C. 4123.519 must be viewed *in pari materia* with R.C. 4123.84, thus imposing compliance with the two-year statute of limitations as a prerequisite to the trial court's subject matter jurisdiction.

We disagree and find the language of R.C. 4123.519 and the Supreme Court of Ohio in *Singer, supra,* to be clear in that a timely filed notice of appeal from the decision of the Industrial Commission vests the trial court with subject matter jurisdiction. As stated by the court in *Cunningham v. Gen. Motors Assembly Div.* (July 27, 1981), Trumbull App. No. 2928, unreported, 1981 WL 3741, when confronted with this issue:

"[T]he statute of limitations is an affirmative defense to an action in a court and does not go to the question of jurisdiction by the court of the subject matter."

Accordingly, we conclude that appellant's notice of appeal to the Hancock County Court of Common Pleas, being timely filed, vested the court with subject matter jurisdiction.

Appellant's third assignment of error is well taken and is sustained.

For her fourth assignment of error, appellant challenges the trial court's judgment overruling her motion to compel discovery of her medical records which appellees had obtained via a release which appellant had provided. Among the terms of the release, paragraph three provided:

"Upon exercise of this release to obtain access to any records, the Attorney General's Office agrees to notify James C. Ayers and to provide, upon request, copies of any documents obtained at a charge of 15–cents per page."

■ Counsel for the appellees concedes assent to the terms of the release but argues that the parties' stipulated discovery cut-off date of June 17, 1988, precluded appellant's enforcement of the terms of the release thereafter. Therefore, counsel for the appellees argues, she was not obligated to comply with counsel for appellant's request for discovery on January 6, 1989, which, being not only after the discovery cut-off date but also after the trial, was not timely.

The release to which counsel for the parties agreed contained no time frame governing its validity and we do not consider the discovery cut-off stipulation to have been applicable to the release. Rather, counsel for the appellees was bound by duty and honor to comply with the terms of the release into which she entered. We find that counsel for the appellees, without any legitimate claim of justification, breached the terms of the release. However, while counsel for appellant attacks counsel for appellees because of the breach of the release, he offers absolutely no assertion that appellant's position was prejudiced.

In sum, while the trial court did technically commit error in overruling appellant's motion to compel, appellant, nonetheless, incurred no prejudice as a result of the error. Accordingly, appellant's fourth assignment of error is not well taken and is overruled.

■ For her fifth assignment of error, appellant argues that the trial court erred in failing to assess costs against appellees in light of their concealment of what turned out to be a pivotal affirmative defense, which resulted in a wasted day of trial.

Civ.R. 54(D) provides that:

"Except when express provision therefor is made either in a statute or in these rules, costs shall be allowed to the prevailing party unless the court otherwise directs."

This determination is a matter for the sound discretion of the trial court and will not be disturbed on review absent an abuse of that discretion. See, generally, 19 Ohio Jurisprudence 3d (1980) 156, Costs in Civil Actions, Section 2.

Inasmuch as we are reversing the order of the trial court and remanding the action for further proceedings consistent herewith, the prevailing party has not yet been determined. Accordingly, we conclude that costs should be assessed upon final disposition. Accordingly, we overrule the fifth assignment of error.

*Judgment reversed
and cause remanded.*

THOMAS F. BRYANT, P.J., and SHAW, J., concur.