JONES, Appellant,

v.

FRUEHAUF CORPORATION et al., Appellees.

[Cite as *Jones v. Fruehauf Corp.* (1992), 81 Ohio App.3d 454.]

Court of Appeals of Ohio,
Allen County.

No. 1–91–38.

Decided June 23, 1992.

[black redaction boxes]

*Jerry L. Riseling,* for appellant.

*Vorys, Sater, Seymour & Pease* and *James C. Becker,* for appellee Fruehauf Corp.

*Lee I. Fisher,* Attorney General, and *Jetta Mencer,* Assistant Attorney General, for appellee Administrator, Bureau of Workers' Compensation.

HADLEY, Presiding Judge.

This is an appeal by plaintiff-appellant Ronnie D. Jones ("appellant") from a judgment of the Allen County Common Pleas Court, entered June 10, 1991, granting summary judgment in favor of defendant-appellee Fruehauf Corporation ("Fruehauf").

On November 24, 1982, appellant, while working as a welder for Fruehauf, sustained a compensable injury when he slipped and fell injuring his back. Appellant filed for workers' compensation and the claim was recognized for a ruptured disc L5/left lumber radiculopathy and aggravation of pre-existing diabetes.

On November 29, 1988, appellant filed a motion with the Industrial Commission requesting that his claim be additionally recognized for "dysthymic disorder with depression." The Industrial Commission denied the motion on the basis that the request was barred by the statute of limitations because "claimant has been evaluated and treated for psychiatric problems at least since 1984 and knew or should have known that they were related to the [November 24, 1982] incident."

Appellant appealed the commission's ruling to the Allen County Court of Common Pleas. Fruehauf deposed appellant and then moved for summary judgment on the basis that appellant's request for the allowance of the additional condition, as a "flow through" or "residual injury," was time-barred pursuant to R.C. 4123.84. After appellant filed his memorandum in opposition, the trial court issued its ruling granting Fruehauf's motion and dismissing appellant's complaint. The court reasoned that:

"Plaintiff was diagnosed with depression attributable to his inability to fully recover from his low back condition in 1984 by the Medical College of Ohio. The Court finds that the plaintiff had two full years after his discharge from the Medical College of Ohio in March of 1984 to file for the allowance of a psychiatric condition arising out of an industrial back injury which occurred in 1982."

It is from this judgment that appellant now appeals submitting the following single assignment of error:

## Assignment of Error

"The trial court erred when it granted summary judgment to the Defendant–Appellee, Fruehauf Corporation, thus holding that the Plaintiff–Appellant's appeal[1] was time barred as a matter law."

Appellant's argument in opposition to Fruehauf's motion for summary judgment is essentially two-fold. First, appellant contends that there is a question of fact as to whether he knew or should have known of his dysthymic disorder (depression) earlier than two years before filing for the additional claim. Second, appellant argues that regardless of whether he knew, a letter from the Medical College of Ohio, referring to appellant's depressed state, was filed with the Bureau of Workers' Compensation in May 1984, thereby tolling the statute of limitations.

R.C. 4123.84, the relevant statute of limitations, provides in pertinent part as follows:

"(A) In all cases of injury or death, claims for compensation or benefits for the specific part or parts of the body injured shall be forever barred unless, within two years after the injury or death:

"(1) Written notice of the specific part or parts of the body claimed to have been injured has been made to the industrial commission or the bureau of workers' compensation * * *."

Application of the two-year statute of limitations to a "residual" or "flow through" injury was addressed in *Clementi v. Wean United, Inc.* (1988), 39 Ohio St.3d 342, 530 N.E.2d 909, syllabus, wherein the court concluded that:

"R.C. 4123.84 requires a claimant to file a motion for an additional allowance within two years of the time the claimant knew or should have known of the additional condition." See, also, *Edwards v. AT & T Technologies, Inc.* (1989), 42 Ohio St.3d 119, 537 N.E.2d 1305.

---

1. To clear-up any ambiguity, it was not appellant's appeal which the court found to be time barred as a matter of law, but rather it was his motion for recognition of a "flow-through" claim that the court found time-barred.

■ After reviewing appellant's testimony and the medical reports prepared by his treating physician and the Medical College of Ohio, we hold that the trial court did not err in finding that there were no genuine issues of fact concerning whether appellant knew or should have known of his depression disorder and its causal relationship to his earlier industrial injury.

Whereas appellant states that he can not recall any conversations regarding his emotional state, from August 1983 on, Dr. Hux, appellant's treating physician, consistently described appellant as complaining of severe pain and depression due to the pain. In March 1984 appellant underwent a psychological evaluation at the Psychiatric Department of the Behavioral Medical Clinic at the Medical College of Ohio. The records of that evaluation read that appellant described himself as bored, depressed and having had thoughts of suicide. Moreover, the clinic physician concluded that appellant appeared depressed and was having great difficulty adjusting to the change in lifestyle required by his physical condition.

Unlike *Dietrick v. Bur. of Workers' Comp.* (1991), 72 Ohio App.3d 567, 595 N.E.2d 513, where an issue arose as to whether the plaintiff was aware of the causal relationship of the "residual" injury to the preceding industrial injury, in the case herein, appellant was acutely aware of the cause of his depression for he stated himself that it arose from the difficult adjustment to the pain involved with his industrial injury.

Although appellant would have us reverse the trial court on the basis of *Edwards, supra,* we do not believe it dispositive in this matter. In *Edwards,* the Supreme Court of Ohio found that mere references to a possible psychiatric condition in medical reports were not sufficient to put the claimant on notice of a psychiatric condition.

In the case *sub judice,* beginning as early as 1983, appellant had consistently described himself as depressed and having problems adjusting to the pain, and he was diagnosed as such in 1984. Appellant's case is not a situation where a jargon-filled diagnosis was insufficient to give him notice that he was suffering from depression. At the minimum, it is clear that appellant should have known of his additional condition as late as 1984 and that is all that is required under *Clementi.* As such, we find that the trial court did not err in granting summary judgment, on this issue, in favor of Fruehauf.

In the second branch of his argument, appellant asserts that the statute of limitations had been tolled as of 1984 when the Bureau of Workers' Compensation received notice of appellant's additional claim by way of a letter from the Medical College of Ohio. Specifically, appellant states that if the Medical College of Ohio report shows that he had knowledge, then it also shows that,

as the Bureau of Workers' Compensation and Fruehauf also had the report, they also had notice of his additional psychiatric condition.

In support of his argument, appellant relies on *Mewhorter v. Ex–Cell–O Corp.* (1986) 23 Ohio St.3d 13, 23 OBR 11, 490 N.E.2d 610. In *Mewhorter*, the Ohio Supreme Court, citing R.C. 4123.512 and 4123.84, held that submission by a treating physician of a medical bill (Form C–19) and attachments is sufficient notice to toll the statute of limitations.

R.C. 4123.512 provides, in pertinent part, as follows:

"(A) * * * If the bureau receives from a person other than the claimant *written information* indicating that an injury or occupational disease has occurred * * * [t]he receipt of the information and the notice by the bureau shall be considered an application for compensation under section 4123.84 or 4123.85 of the Revised Code." (Emphasis added.)

In *Hull v. Mayfield* (1990), 70 Ohio App.3d 453, 456, 591 N.E.2d 377, 378–379, noting that the Ohio Supreme Court had divided the "notice" issue depending on the status of the employer, we stated:

" * * * Payment of compensation or benefits by a self-insured employer constitutes a potential claim against the employer's coverage. Therefore, it is notice of a possible claim and results in a waiver of the statute of limitations. In contrast, a state-funded insured employer does not waive the statute of limitations by merely paying similar compensation or benefits because it is not the processing agent for the claims of its employees. * * * "

In the instant case, starting with the fact that the trial court's entry granting summary judgment makes no reference to R.C. 4123.512 or *Mewhorter*, there are just too many unanswered questions concerning Fruehauf's status and exactly what information was available from the letters and medical bills accumulated from appellant's treatment.

For example, it is fairly clear that Fruehauf was aware of the fact that appellant was having difficulty with pain and depression. At one point in his deposition, appellant stated that a hearing had to be conducted when Fruehauf refused to pay for the prescription drug Elavil because Fruehauf argued that the drug was prescribed for depression. Moreover, as noted above, the psychological report prepared at the Medical College of Ohio included, as part of appellant's diagnosis, that appellant was depressed and having difficulty adjusting to the pain from his injury.

Thus, as we find that reasonable minds can not come to but one conclusion in favor of Fruehauf on this issue, we hold that there is a genuine issue of material fact as to whether sufficient "written information" of appellant's

depression disorder was received to toll the statute of limitations pursuant to R.C. 4123.512.

Accordingly, appellant's sole assignment of error is sustained and the judgment of the Allen County Court of Common Pleas is affirmed in part and reversed in part and the cause is remanded for further proceedings consistent with this opinion.

*Judgment affirmed in part,*
*reversed in part*
*and cause remanded.*

EVANS and THOMAS F. BRYANT, JJ., concur.