OPINION
Appellant, Samuel R. Lowery, M.D., was employed as the county coroner by appellees, Sandusky County Commissioners. On February 29, 1996, appellant filed a C-3 application for workers' compensation benefits for an injury that allegedly occurred on November 5, 1992. In March 1996, the Bureau of Workers' Compensation ("Bureau") denied the claim for being outside the two year statutory time limit. Appellant administratively appealed that decision and was given a formal hearing on May 29, 1996. At this hearing, appellant provided a letter from the Bureau, dated April 6, 1994, in support of his contention that he had given timely notice to the Bureau of his claim. The letter stated:
"To Whom It May Concern:
 "Enclosed is correspondence we recently received from you. We cannot answer your inquiry at this time because you did not provide us with a risk account number. Our attempt to determine your risk number was unsuccessful.
 "Please Return the Attached Correspondence with your Risk Number.
 "Upon receipt of this information, we will review your inquiry and process it accordingly.
 "Your cooperation is greatly appreciated. Should you have further questions regarding this matter, please contact our Adjustments unit at (614) 466-1233."
In May 1996, appellant's claim was again denied for lack of proof that his application had been timely filed. Appellant administratively appealed that decision, but his claim was again denied in July 1996.
Appellant then appealed this decision by filing a complaint in the common pleas court against appellees, Sandusky County Commissioners (hereafter "the county") and the administrator of the Bureau. Appellees moved for and were granted summary judgment based upon the statute of limitations and that appellant was not injured while in the scope of his employment.
Appellant now appeals, setting forth the following two assignments of error:
"ASSIGNMENT OF ERROR NUMBER ONE
 "In its Decision and Entry journalized October 5, 1977, [sic] the Sandusky County Court of Common Pleas erred in granting the Motion for Summary Judgment filed by Defendant, Administrator of the Ohio Bureau of Workers' Compensation, and in dismissing Plaintiff's Complaint with Prejudice by finding that there were no material facts in dispute and that Movant was entitled to Summary Judgment for the reason that the injury Plaintiff-Appellant complained of was not sustained in the course of employment when, in fact, a genuine issue of material fact was present in the court below on the issue as to whether Plaintiff-Appellant's injury was sustained in the course of his employment.
"ASSIGNMENT OF ERROR NUMBER TWO
 "In its Decision and Judgment Entry journalized October 5, 1977, [sic] the Sandusky County Court of Common Pleas erred in granting the Motion for Summary Judgment filed by Defendant, Administrator of the Ohio Bureau of Worker's Compensation and dismissing Plaintiff-Appellant's Complaint when it found that there was no genuine issue of fact and that the Defendant-Appellees [sic] were entitled to judgment as a matter of law in that Plaintiff-Appellant failed to file his claim with the Bureau of Workers' Compensation within the applicable two year period of time required by statute."
We will first address appellant's second assignment of error, which deals with the statute of limitations issue.
The standard of review of a summary judgment motion is the same for both a trial court and an appellate court. LorainNatl. Bank v. Saratoga Apts. (1989), 61 Ohio App.3d 127, 129. Civ.R. 56(C) states in pertinent part:
 "* * * Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor. * * *"
In reference to the statute of limitations for the filing of workers' compensation claims, R.C. 4123.84 provides, in pertinent part that, for state-funded employers:
 "(A) In all cases of injury or death, claims for compensation or benefits for the specific part or parts of the body injured shall be forever barred unless, within two years after the injury or death:
 "(1) Written notice of the specific part or parts of the body claimed to have been injured has been made to the industrial commission or the bureau of workers' compensation;
 "(2) The employer, with knowledge of a claimed compensable injury or occupational disease, has paid wages in lieu of compensation for total disability * * *."
In this case, appellant's only evidence that he gave notice to the Bureau was a non-specific letter which he received from the Bureau urging him to provide more information or to call with questions. Appellant offered no documentation to show what that correspondence referred to or that he had followed up with any action as requested. In fact, the record shows that appellant did nothing to pursue his claim until February 1996, when he filed an application for benefits. This was well beyond the two year time limit.
In the alternative, appellant argues that the payment of his medical bills constituted notice and the county was required to file a claim on his behalf. We can find no evidence in the record of the payment of medical claims or that the county had any notice that appellant considered his injury to have occurred during the scope of his employment. Additionally, even if we assumed that appellant's medical claims were paid by his employee health insurance, the county, a state-funded employer, does not waive the statute of limitations by paying such benefits. See R.C. 4123.84 (A); Hull v. Mayfield (1990), 70 Ohio App.3d 453. Furthermore, since a state-funded employer is not a processing agent for workers' compensation claims, the county was under no duty to file a claim on appellant's behalf. See Hull, supra at 456.
Therefore, we conclude that the trial court properly granted summary judgment, since, even after construing the facts most strongly in favor of appellant, no genuine issues of material fact remain in dispute and appellees are entitled to judgment as a matter of law.
Accordingly, appellant's second assignment of error is not well-taken. Appellant's first assignment of error is thus rendered moot.
The judgment of the Sandusky County Court of Common Pleas is affirmed. Court costs of this appeal are assessed to appellant.
JUDGMENT AFFIRMED.
Peter M. Handwork, P.J.
 James R. Sherck, J.
 Richard W. Knepper, J.
CONCUR.