[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
ACCELERATED
 OPINION
In this worker's compensation case, the claimant, Richard Steele, suffered a work-related injury to his back on October 4, 1985. The Industrial Commission ("the Commission") allowed his claim for several conditions: dislocated sacrum, hip, and lumbar vertebrae; lumbosacral sprain; lumbago; lumbar disc displacement; and lumbosacral degenerative disc disease.
Sometime later, Steele developed an additional condition in his back that required surgery. Steele's physician contacted the Bureau of Worker's Compensation ("the Bureau") requesting authorization for a lumbar laminectomy/diskectomy of the L4-5 vertebrae and four days of hospitalization.
On Wednesday, September 4, 1991, the Bureau sent Steele a letter authorizing the requested treatment and hospital stay.
Steele underwent back surgery on Friday, September 6, 1991. Apparently, he stayed in the hospital for six days, not four as was originally predicted. Someone contacted the Bureau again regarding the additional two days, and on September 16, 1991, the Bureau sent another letter authorizing six days of hospitalization. The Bureau has paid the medical expenses associated with the surgery and hospitalization.
On October 16, 1991, a little more than one month after being discharged from the hospital, Steele filed a C-1 application, under his original 1985 claim number, generally requesting payment of disability benefits. He also filed a C-86 motion on December 13, 1991, specifically requesting that his 1985 claim be amended to include "herniated disc L4-5" as a recognized condition and asking for temporary total disability from August 30, 1991, "to the present and continuing." Attached to the C-86 was a C-84 report from Steele's physician stating that Steele "is recovering post-operatively from surgery performed on 9/6/91" and that he has "[s]oreness in his back." The doctor estimated that Steele would be able to return to his job as a truck driver on or about December 30, 1991.
The District Hearing Officer ("DHO") held that she had no jurisdiction to amend the 1985 claim because R.C. 4123.52
prohibits the Commission from modifying its prior orders more than six years after the date of the original work-related injury. According to R.C. 4123.52, that period expired on October 4, 1991. Steele filed his C-1 and/or C-86 applications for disability compensation on October 16 and December 12, respectively. By the DHO's reckoning, Steele was at best twelve days too late. The Regional Board of Review affirmed, and the Commission refused further appeal.
Steele appealed to the Trumbull County Court of Common Pleas, which granted summary judgment in favor of the Bureau and the Commission. Steele appealed again, and his single assignment of error states:
 "The trial court erred in granting defendant-appellee's motion for summary judgment for the reason that such ruling is a misapplication of the law to the facts of this case."
We agree.
It must be remembered that the worker's compensation statutes must be liberally construed in the claimant's favor. R.C.4123.95.
R.C. 4123.84, the statutory provision regarding the initial two-year period for filing applications for compensation, is analogous to R.C. 4123.52. The former statute's purpose "`is to enable the employers to protect themselves by prompt investigation of the injuries. It is primarily a notice requirement.'"Mewhorter v. Ex-Cell-O Corp. (1986), 23 Ohio St.3d 13, 14, quoting Nackley, The Initial Filing Period in Ohio Worker's Compensation Law (1980), 7 N.Ky.L.Rev. 33, 34.
In Laas v. Young (1962), 1116 Ohio App. 137, the claimant filed a notice with the Commission reciting injuries to her left arm and elbow, to the left eye area, and to her left knee. Her back was also injured, but she did not include this injury in her written notice. The self-insured employer, however, knew about the back injury and paid her medical expenses relating to it. The claimant argued that payment was also for disability compensation. The trial court rejected the claimant's petition for additional disability compensation for the injury to her back because she had not filed written notice of that injury within two years as was required by G.C. 1465-72a, the predecessor to R.C. 4123.84. The appellate court reversed, holding, in effect, that notice to the Commission was immaterial since the employer knew about the back injury and had paid the claimant's medical expenses.
In Sechler v. Krouse (1978), 56 Ohio St.2d 185, 189-190, the Supreme Court stated:
 "R.C. 4123.52 must be read in conjunction with R.C. 4123.84. The latter section provides, in pertinent part, that a claimant must file written notice with the commission or bureau within two years after the injury or death concerning the specific part or parts of the body so injured. The section provides further that the commission has continuing jurisdiction pursuant to R.C. 4123.52 over a claim meeting the two-year filing requirement.
 "Once a claim has been timely filed pursuant to R.C. 4123.84, `(i)t is incumbent upon a claimant to timely invoke the continuing jurisdiction granted to the commission by R.C. 4123.52 for additional compensation * * *.' Rummel v. Flowers (1972), 28 Ohio St.2d 230, 236, * * *; see State ex rel. Clark v. Krouse (1977), 52 Ohio St.2d 201, 205, * * *. Failure to file an application for modification of an award within the prescribed time period results in the loss of the substantive right for additional benefits. State ex rel. Hammond v. Indus. Comm. (1945), 144 Ohio St. 477, 480, * * *. Thus, it is apparent that the time limitations with respect to the continuing jurisdiction of the commission contained in R.C. 4123.52 operate as a statute of limitations for claimants seeking change or modification of their previously awarded benefits, see Kittle v. Keller (1967), 9 Ohio St.2d 177 * * *; Gregory v. Flowers (1972), 32 Ohio St.2d 48, * * * and not as specific eligibility requirements for benefits."
If the two-year limitation period in R.C. 4123.84 serves as notice of an original injury, the six-year limitation period in R.C. 4123.52 likewise serves as notice of an additional condition that is related to the original injury.
In this case, written notice within the six-year period would have been redundant, since the Bureau was informed that Steele developed an additional condition, that he was in need of medical attention, and that he would be incapacitated for at least six days. The two letters from the Bureau serve as evidence that it was properly notified. Furthermore, it does not appear from the record that Steele was dilatory in his duty to formally file the paperwork, as he did so within a few weeks of his surgery.
It would also violate the spirit of the worker's compensation system to narrowly construe and apply R.C. 4213.52 in a draconian manner to defeat on purely technical grounds what may be an otherwise meritorious claim. In Roma v. Indus. Comm. of Ohio
(1918), 97 Ohio St. 247, the Commission denied the claimant's petition for compensation and sent notice to the claimant's attorney. At that time, however, the claimant and his attorney were embroiled in a dispute, and the attorney did not relay the notice of the denial of compensation in a timely fashion. Additionally, the claimant was an immigrant with limited command of English. When he discovered his petition had been denied, the claimant filed a notice of appeal twenty-eight days later, almost three months after the Commission had entered its order. The employer argued he was too late because the Worker's Compensation Act required the notice to have been filed within thirty days of the date of the order. The Supreme Court interpreted the deadline as running not from when the Commission filed its order, but, on these facts, from the date the claimant actually received it.
 "A strict application of [the 30 day] rule would undoubtedly defeat the right of the plaintiff in error to recover; but in view of the peculiar circumstances which the record discloses, and the feeling which abides within this court that the remedies provided in the Workmen's Compensation Act for the benefit of injured parties should be construed and interpreted with the utmost liberality, we are constrained to hold that the appeal was filed in time.
"* * *
 "To defeat the right of this claimant under these circumstances, otherwise than on the merits of the controversy, would be entirely out of accord with the principles and objects sought to be attained by the Workmen's Compensation Act." Id. at 250, 252.
Denying consideration of Steele's disability claim on the ground that, technically, his filing was untimely would likewise defeat the underlying purpose of the law to allow compensation for legitimate work-related injuries. By authorizing debilitating back surgery and six days of hospitalization, and by paying the associated medical expenses, all within the six-year limitation period, the Bureau accepted jurisdiction over the additional condition. To afford Steele the opportunity to be fully compensated, the Bureau must now consider his claim for disability caused by the surgery.
The judgment is reversed and the cause is remanded to the trial court for further proceedings on Steele's applications for disability benefits. ______________________________ JUDGE ROBERT A. NADER
FORD, P.J., concurs with concurring opinion,
CHRISTLEY, J., dissents with dissenting opinion.
 CONCURRING OPINION
 DISSENTING OPINION