MCGUIRE ET AL., APPELLANTS, *v.* ORTHO PHARMACEUTICAL CORPORATION; PETROLA, APPELLEE.

(No. 88-J-30—Decided August 11, 1989.)

*Zagula, Hill & Dittmar* and *David N. Dittmar,* for appellants.

*Sommer, Solovan, Piergallini & Liberati* and *Keith A. Sommer,* for appellee.

DONOFRIO, J. This is an appeal from a judgment of the Court of Common Pleas of Jefferson County, granting a summary judgment motion in favor of defendant-appellee, F. Joseph Petrola, M.D., in an action for malpractice.

Plaintiffs-appellants, Darla McGuire and Kevin T. McGuire, do not list assignments of error, as such, but refer to propositions of law with arguments thereunder. It appears from the record that the only issue in appellee's

motion for summary judgment was the statute of limitations. The trial judge ruled in his favor thereon.

Essentially, appellants' argument, under their propositions A and B, is that the determination of the accrual date in applying the statute of limitations under R.C. 2305.11 is a question of fact which requires a review of numerous factors. Appellants further argue that a genuine issue of material fact exists as to the accrual date and that, therefore, summary judgment was not appropriate.

The issue before us is simply whether summary judgment was appropriate under the facts of the instant case. Appellants allege, in essence, that no reasonable eighteen-year-old individual would be aware of the medical and pharmaceutical consequence of taking hydrochlorothiazide and birth control pills as prescribed by appellee so as to appreciate the eventuality of vision loss and, thus, at the time of the injury could not have been placed on notice for the purpose of pursuing a medical negligence action against the prescribing physician.

The only evidence before the trial court on the accrual issue was presented by appellant Darla McGuire. By affidavit attached to her first response, appellant stated that she was not aware that the treatment by appellee could have caused her vision loss until October 16, 1985. Further, by attachment to the same response, appellant tendered a copy of her hospital discharge summary, which reflected that after a four-day hospital stay, the treating ophthalmologist, with consultation from a neurologist, was unable to discern the etiology of her blindness.

Appellant claims that in October 1985, she was advised by a family friend that the pharmaceutical combination of high blood pressure medication and birth control pills may have been the reason for her vision loss. Appellant immediately sought legal assistance.

Appellee, on the other hand, maintains that the cause of action accrued and the statute of limitations ran before appellant gave appellee the R.C. 2305.11 extension notice or filed the complaint. Appellee points to a deposition of appellant where appellant admitted that appellee reviewed a pharmaceutical insert contained in the prescription for the birth control medication and states that the insert had specific warnings concerning vision loss while taking birth control pills. However, this information does not resolve the issue of whether the prescription of this combination of drugs under appellant's state of health constituted negligence. Further, the deposition does not appear to have been considered by the trial judge in his decision to grant summary judgment on behalf of appellee. (The deposition was attached to the motion for summary judgment by the other defendant, Ortho Pharmaceutical Corporation.) In addition, appellee, in his memorandum to the trial court in support of his motion, nowhere discusses the pharmaceutical insert. Instead, appellee's argument in the trial court was based on the "mere injury" theory, noting that when appellant suffered the vision loss, the statute of limitations began to run.

In the case of *Hershberger* v. *Akron City Hosp.* (1987), 34 Ohio St. 3d 1, 516 N.E. 2d 204, paragraph one of the syllabus, the court sets forth the relevant factors to be considered in determining the accrual date:

"In a medical malpractice action, for the purposes of determining the accrual date in applying the statute of limitations under R.C. 2305.11(A), the trial court must look to the facts of the particular case and make the following determinations: when the injured party became aware, or should have become aware, of the extent and serious-

ness of his condition; whether the injured party was aware, or should have been aware, that such condition was related to a specific professional medical service previously rendered him; and whether such condition would put a reasonable person on notice of need for further inquiry as to the cause of such condition. * * *"

On May 27, 1984, appellant was admitted to a local hospital with complaints of vision loss in her left eye. Prior to this admission, her family physician, the appellee, had, during the course of his treatment, prescribed both hypertension medication and birth control pills. Appellee, during his course of treatment, never advised appellant as to the medical reason for her vision loss, nor was the etiology of her vision loss ever disclosed during her subsequent medical care by ophthalmologists.

On a motion for summary judgment, the burden of establishing that the material facts are not in dispute, and that no genuine issue of fact exists, is on the party moving for summary judgment. Construing the evidence most strongly in favor of appellants, genuine issues of fact remain in this case, as reasonable minds can differ as to the accrual time for the purpose of the statute of limitations.

In their third proposition, appellants argue that a defendant should be estopped from raising the statute of limitations as a bar where the defendant has materially misrepresented or deceived a plaintiff as to pertinent facts necessary for the determination of a legal cause of action. Appellants argue that the statute of limitations is not a bar to recovery where misrepresentation is involved. We find nothing in the record to support appellants' theory of misrepresentation or fraud.

For the foregoing reasons we find that the trial court's granting of the motion for summary judgment was inappropriate. Accordingly, the trial court's judgment is reversed and the cause is remanded for further proceedings.

*Judgment reversed
and cause remanded.*

O'NEILL, P.J., and COX, J., concur.