JONES, P.J., HENDRICKSON and WILLIAM W. YOUNG, JJ., concur.

---

**HOAR, Appellant,**

v.

**SCHNEIDER TRANSPORT, INC. et al., Appellees.**

[Cite as *Hoar v. Schneider Transport, Inc.* (1991), 68 Ohio App.3d 450.]

Court of Appeals of Ohio,
Knox County.

No. 90–CA–29.

Decided Aug. 14, 1991.

*Stewart Jaffy & Associates Co., L.P.A., Stewart R. Jaffy* and *Renny J. Tyson,* for appellant.

*Schottenstein, Zox & Dunn, James E. Davidson* and *Susan Porter,* for appellee Schneider Transport, Inc.

*Lee I. Fisher,* Attorney General, and *Peter DiMarco,* Assistant Attorney General, for appellees Administrator and Industrial Commission.

GWIN, Judge.

Plaintiff-appellant, James K. Hoar ("appellant"), was injured on June 8, 1981, while in the course and scope of his employment with defendant-appellee, Schneider Transport, Inc. ("appellee"). Appellant filed a workers' compensation claim and same was allowed for "acute cervical sprain and aggravation of pre-existing arthritis of the cervical area."

On April 4, 1988, almost seven years later, appellant filed a motion under his workers' compensation claim requesting that his claim be further allowed for a psychological condition identified as "somatoform pain disorder with depressive features." Appellant's motion was denied administratively and by the trial court as untimely filed under R.C. 4123.84. Appellant seeks our review and assigns the following as error:

## Assignment of Error No. I

"The trial court erred in granting summary judgment where there is no evidence that Hoar knew or should have known that he had developed a 'somatoform pain disorder with depressive features' more than two years before he filed for the condition."

## Assignment of Error No. II

"The trial court erred in granting summary judgment where there is no evidence that Hoar knew or should have known that he had developed a 'somatoform pain disorder with depressive features' and that it was related to his original injury more than two years before he filed for the condition."

Assignment of Error No. III

"The trial court erred in granting summary judgment where fact questions exist as to whether Hoar's claim for residual condition was timely filed."

We shall address each of appellant's assignments together for they collectively assert that the trial court erred in granting appellee's motion for summary judgment and dismissing appellant's motion for additional workers' compensation allowance on the basis that same was untimely filed.

In *Clementi v. Wean United, Inc.* (1988), 39 Ohio St.3d 342, 530 N.E.2d 909, syllabus, the Ohio Supreme Court held:

"R.C. 4123.84 requires a claimant to file a motion for an additional allowance within two years of the time the claimant knew or should have known of the additional condition."

It was the trial court's finding in this case that reasonable minds could only conclude that appellant's motion for additional allowance was untimely because appellant knew or should have known of his additional psychological condition more than two years before he filed said motion. We disagree.

When reviewing motions for summary judgment pursuant to Civ.R. 56, "[t]he inferences to be drawn from the underlying facts contained in the affidavits and other exhibits must be viewed in the light most favorable to the party opposing the motion, and if when so viewed reasonable minds can come to different conclusions, the motion should be overruled." *Hounshell v. American States Ins. Co.* (1981), 67 Ohio St.2d 427, 433, 21 O.O.3d 267, 271, 424 N.E.2d 311, 315.

The determination of whether appellant's motion was untimely is a question of fact requiring a review of numerous factors. See *McGuire v. Ortho Pharmaceutical Corp.* (1988), 60 Ohio App.3d 54, 573 N.E.2d 199. Hence, if reasonable minds can differ as to the accrual date in a particular case, summary judgment on the basis of the accrual date is inappropriate. *Id.*

Applying *Clementi* and Civ.R. 56 to the present case, we must determine from construing the evidence most strongly in favor of appellant whether appellant knew or should have known of the psychological condition prior to April 4, 1986—the date two years prior to his application. *Edwards v. AT & T Technologies, Inc.* (1989), 42 Ohio St.3d 119, 120, 537 N.E.2d 1305, 1306. We answer this query in the negative.

Under Civ.R. 56 standards, it is our opinion from the evidence submitted in support of, and in opposition to, appellee's motion for summary judgment that a genuine disputed factual question exists as to whether appellant was on notice that his psychological condition was related to his June 8, 1981 industrial injury prior to February 23, 1988, when he was evaluated by Dr. Allan R. Korb. It was Dr. Korb's opinion following the psychiatric evaluation

that appellant had "a definite psychiatric disorder which is a direct consequence of his injury and subsequent pain and disability."

While there is some circumstantial evidence that appellant should have known prior to April 4, 1986, that his psychological disorder was a result of the 1981 industrial injury, this evidence fails to overcome the summary judgment hurdle of considering all the evidence submitted upon the motion in the light most favorable to appellant.

Appellee first relies on the report of Carol Armstrong, Ph.D., and Peter J. Vicente, Ph.D., who initially evaluated appellant for admission into the Columbus Center Pain and Stress Program in February 1982. In that report, Drs. Armstrong and Vicente recommended that appellant not be admitted to the Columbus Center because appellant's "high level of emotional distress, as indicated by his own report, by behavioral observation, and by his MMPI, suggest[s] the need for psychotherapy."

Appellee next relies on the report of Dr. F. Richard Fletcher, who again evaluated appellant for admission to the Columbus Center on February 21, 1983. Appellee claims that that report recommended that appellant undergo a complete psychological evaluation and counseling before his admission to the Columbus Center would be considered. We are unable to locate this report in the record before us. Instead, we find Dr. Fletcher's June 27, 1983 pre-admission evaluation indicating that he "feel[s] that this gentleman has worked through some rather significant problems in his life quite well, and although he may deal with some life situations in a different style than others would, I don't personally feel that there is anything pathologic here."

Finally, appellee relies on the August 4, 1988 evaluation performed by Donald L. Brown, M.D., an Industrial Commission specialist, who noted in his report that appellant had indicated that he had previously been evaluated as not being psychologically fit. Appellee then directs us to appellant's deposition where he admitted that the conditions he now suffers and attributes to the psychological injury were the same in 1981.

What appellee has failed to do is to present compelling evidence that appellant should have known that his psychological condition and/or injury was a *result* of the 1981 industrial injury. Absent such evidence, we find appellant's application timely. Dr. Korb was the first doctor to specifically opine that appellant's psychological condition was a result of appellant's 1981 industrial injury, and that opinion was made in 1988.

Accordingly, we reverse the trial court's judgment finding R.C. 4123.84's statute of limitations as a bar to this case. Therefore, we remand this cause to that court for further proceedings not inconsistent with this opinion.

*Judgment reversed*
*and cause remanded.*

WILLIAM B. HOFFMAN, J., concurs.

MILLIGAN, P.J., dissents.

MILLIGAN, Presiding Judge, dissenting.

I agree with the trial court judge. Upon the evidence and admissions supplied upon summary judgment, reasonable minds could not conclude other than that the claimant knew or should have known that his psychological condition, whatever pseudonym ultimately ascribed thereto, was the result of the 1981 industrial injury, sufficiently in advance of his seven-year tardy claim to be barred by the appropriate statute of limitations.

Claimant testified in his deposition:

"Q: [by Ms. Porter] How would you describe your current condition?
"A: [by Mr. Hoar] Same as it has been since the injury. Spasms, back pain, no sleep, irritable, sometimes explosive. I get mad easy, due to the pain. Frustration, boredom. That's about it.
"Q: And you are saying that all of these conditions that you just described have been since the time of the injury.
"A: Yes."

As a direct consequence of the 1981 industrial accident, claimant was evaluated in 1982 at the Columbus Center Pain and Stress Clinic where it was suggested that he undergo psychiatric evaluation, and receive psychotherapy followed by psychological evaluation. The finding was that he had a high level of emotional distress as indicated by his own report. In 1983, at the Columbus Center, it was noted that he was in need of a complete psychological evaluation, including further psychological testing and counseling before admission to the pain center.

As noted in the majority opinion, Dr. Brown also reported that claimant was not psychologically fit. Dr. Brown was advised by Hoar of prior recommendations to secure psychological attention.

Claimant also told Dr. Csetri that he had been "repeatedly evaluated by psychologists and that he would send me the results of the psychological evaluations without any delay."

When the claimant, even now, acknowledges that the symptoms which form the base of his current complaint are the same symptoms that began at the time of the injury and have been attended to by numerous physicians in the context of the original industrial claim, he clearly knew or should have known of his derivative claim.

I would affirm the summary judgment of the Knox County Common Pleas Court.