**FORSTER, Appellee,**

v.

**OHIO BUREAU OF WORKERS' COMPENSATION, Appellant, et al.**

[Cite as *Forster v. Ohio Bur. of Workers' Comp.* (1995), 102 Ohio St.3d 744.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 68170.

Decided April 17, 1995.

*Dennis Seaman & Associates* and *David A. Kulwicki,* for appellee.

*Betty D. Montgomery,* Attorney General, and *Albert Q. Corsi,* Assistant Attorney General, for appellant.

*Robert Matyjasic,* for Reliance Mechanical Corporation.

---

*Per Curiam.*

Defendant-appellant, Bureau of Workers' Compensation ("the bureau"), appeals the Cuyahoga County Common Pleas Court's denial of its motion for summary judgment and the court's subsequent finding that plaintiff-appellee Vincent Forster's cause of action was timely filed.

On October 8, 1988, appellee was working for defendant Reliance Electric Company at a downtown Cleveland construction site, the British Petroleum Building. While he was in the course and scope of his employment, a piece of concrete fell from the fifth floor, striking appellee on the head and causing him to fall down. Appellee attempted to break his fall by putting his hands in front of him. Appellee felt his wrists snap back.

Appellee filed a claim with the bureau for injuries to his neck. Appellee stated in his deposition that although his hands felt somewhat sprained, he thought it would go away. The treating physicians, Dr. Mares and Dr. Stephee, did not examine appellee's hands.

Appellee stated that in June 1989 his hands began tingling. For this reason, appellee was referred to Dr. Shah of Parma Hospital for nerve testing. On August 22, 1989, the test results were interpreted by Dr. Mars, a neurologist, as showing bilateral carpal tunnel syndrome. On September 19, 1990, Dr. Mars's medical report of appellee stated he believed the condition had a causal relationship to appellee's injury on October 8, 1988.

Appellee filed written notification of the additional claim with the bureau on November 5, 1990. A hearing was held and appellee's claim was disallowed for bilateral carpal tunnel syndrome "as not a 'Flow' injury from 10/8/88 injury and not alleged within 2 years of the date of injury." The decision was subsequently affirmed by the regional board of review.

Appellee appealed to the trial court. The bureau filed a motion for summary judgment, claiming that appellee's cause of action was time-barred pursuant to R.C. 4123.84. In response, appellee filed a motion in opposition, arguing that the

cause of action was timely since it was filed within two years of discovering the existence of the residual injury.

On May 19, 1994, the trial court overruled appellant's motion for summary judgment. After a final pretrial hearing, the trial court amended its entry denying appellant's motion, found the cause of action to be timely filed, and remanded the cause to the bureau for further proceedings. Appellant timely filed this appeal and assigns one assignment of error:

"The trial court erred in overruling appellant's motion for summary judgment and determining that appellee's motion for the additional allowance of carpal tunnel syndrome was filed within the limitation found in R.C. 4123.84(A)(1)."

■ Initially we note that an appeal to the court of common pleas involving a claimant's right to participate in the State Insurance Fund, pursuant to 4123.512, is subject to a *de novo* review for a determination of both the facts and law. See *Afrates v. Lorain* (1992), 63 Ohio St.3d 22, 584 N.E.2d 1175; *State ex rel. Mitchell v. Robbins & Myers, Inc.* (1983), 6 Ohio St.3d 481, 6 OBR 531, 453 N.E.2d 721. Here, the determination of whether appellee's motion for additional allowance was timely filed is a question of fact. See *Hoar v. Schneider Transport, Inc.* (1991), 68 Ohio App.3d 450, 452, 588 N.E.2d 975, 976.

Civ.R. 56 provides that a summary judgment may be granted only after the trial court determines that (1) no genuine issues as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come but to one conclusion and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party. *Norris v. Ohio Std. Oil Co.* (1982), 70 Ohio St.2d 1, 24 O.O.3d 1, 433 N.E.2d 615; *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 327, 4 O.O.3d 466, 472, 364 N.E.2d 267, 274.

■ Further, an entry of summary judgment against the moving party is appropriate where all relevant evidence is before the court, no genuine issue as to any material fact exists, and the nonmoving party is entitled to judgment as a matter of law. *Lester v. State Farm Mut. Auto. Ins. Co.* (1989), 64 Ohio App.3d 52, 54, 580 N.E.2d 793, 794.

In the case *sub judice*, appellant misconstrues the following statement regarding R.C. 4123.84 made in *Clementi v. Wean United, Inc.* (1988), 39 Ohio St.3d 342, 344, 530 N.E.2d 909, 911: " 'R.C. 4123.84(A)(1) * * * applies only to initial date injuries and not to residual or flow through injuries.' " Rather, the Supreme Court of Ohio rejected that notion when it held "R.C. 4123.84 requires a claimant

to file a motion for an additional allowance within two years of the time the claimant knew or should have known of the additional condition." *Id.* at syllabus. Hence, if the claimant filed a motion for an additional allowance for "residual" or "flow through" injuries within two years of the time he/she knew or should have known of the additional condition, the claim is not time-barred. See, also, *Dietrick v. Ohio Bur. of Workers' Comp.* (1991), 72 Ohio App.3d 567, 595 N.E.2d 513; R.C. 4123.84(A)(1).

■ Further, a party's failure to move to strike or otherwise object to documentary evidence submitted by another party in support of, or in opposition to, a motion for summary judgment waives any error in considering that evidence under Civ.R. 56(C). *Stegawski v. Cleveland Anesthesia Group, Inc.* (1987), 37 Ohio App.3d 78, 83, 523 N.E.2d 902, 907.

■ Since appellant did not object at trial level to the evidence entered in support of appellee's motion in opposition, all documents attached to both parties' motions were properly considered by the trial court. After a review of the evidence submitted, we find that appellee first became aware of the residual injury, bilateral carpal tunnel syndrome, on August 22, 1989. Since appellee filed his claim on November 5, 1990, appellee's claim for an additional allowance was timely filed under a proper application of R.C. 4123.84. The trial court did not err in denying appellant's motion for summary judgment and subsequently entering a finding that appellee timely filed his claim.

The judgment of the trial court is affirmed, and the cause is remanded to the Bureau of Workers' Compensation for further proceedings.

*Judgment affirmed.*

SPELLACY, P.J., MATIA and DYKE, JJ., concur.