DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant, Mr. Reynolds, appeals from the trial court's grant of summary judgment in favor of appellee, Celina Mutual Insurance Company ("Celina"). We reverse and remand.
Reynolds filed a complaint against Celina for breaching its duty to defend him from a lawsuit that was filed against him by Mr. and Mrs. Wade. The Wades sought damages from Reynolds for improper workmanship in the construction of their home. Reynolds also pled that Celina's actions constituted bad faith. Celina answered and counter-claimed for declaratory relief. Celina moved for summary judgment. Reynolds filed a brief in opposition and moved for leave to move for partial summary judgment. The trial court granted Reynolds leave to file a motion for partial summary judgment.
On July 22, 1996, the trial court continued the trial set for July 16, 1996, to February 18, 1997, because the trial court had to preside over an aggravated murder trial. The trial court's journal entry also provided the following: "[c]ourt to rule on pending dispositive motions." On February 13, 1997, Celina filed a notice of filing supplemental authority in support of its motion for summary judgment and the deposition of James Wade. On that same day, the trial court granted Celina's motion for summary judgment and denied Mr. Reynolds' motion for partial summary judgment.
Reynolds timely appeals the judgment of the trial court and raises three assignments of error.
 ASSIGNMENT OF ERROR I
The trial court should not have considered evidence filed by Celina on the day that the trial court determined the parties' respective motions for summary judgment.
Reynolds contends that the trial court erred by considering evidence that was filed in the trial court the same day that the trial court determined the parties' respective motions for summary judgment. We agree.
The Supreme Court of Ohio has held:
 Civ.R. 56(C) places a mandatory duty on a trial court to thoroughly examine all appropriate materials filed by the parties before ruling on a motion for summary judgment. The failure of a trial court to comply with this requirement constitutes reversible error.
Murphy v. Reynoldsburg (1992), 65 Ohio St.3d 356, syllabus. Civ.R. 56(C) provides in pertinent part:
 [t]he motion shall be served at least fourteen days before the time fixed for hearing. The adverse party prior to the day of hearing may serve and file opposing affidavits. * * * No evidence or stipulation may be considered except as stated in this rule.
The Staff Note to Civ.R. 56(C) states:
 [a]dditionally[,] Rule 56(C) requires that all supporting and opposing documents be "timely filed." Under the rule the movant must serve and file his motion and all supporting documents at least fourteen days before the time fixed for hearing, and the opponent should serve and file any opposing documents at least one day before the time fixed for hearing. See Rule 6(D). The provisions of Rule 32(A)(1) require that a deposition to be used in evidence be filed at least one day before the trial or hearing. The fourteen day provision of Rule 56(C) regarding movant's obligation overrides this general provision and also overrides the seven day motion hearing provision in Rule 6(D).
See, also, Civ.R. 32(A). Civ.R. 56(C) precludes trial courts from considering testimony presented for the first time at a summary judgment hearing. Carrabine Constr. Co. v. Chrysler Realty Corp.
(1986), 25 Ohio St.3d 222, 225. The Tenth District Court of Appeals has noted:
 [t]he intent of Civ.R. 56 would be subverted if the party opposing a summary judgment motion were not given time to respond to evidentiary material filed by the moving party.
Murray v. Bank One (1994), 99 Ohio App.3d 89, 96. Accordingly, exhibits to a memoranda in support of or in opposition to summary judgment must be "timely filed" pursuant to Civ.R. 56(C). Waldeckv. North College Hill (1985), 24 Ohio App.3d 189, 190.
We further note that parties who fail to object to evidence which has been filed in support of a motion for or against summary judgment waive the ability to object to that evidence on appeal. See Forster v. Ohio Bur. of Workers' Comp.(1995), 102 Ohio App.3d 744,747. See Stegawski v. Cleveland Anethesia Group, Inc.
(1987), 37 Ohio App.3d 78, 83. The timing requirements of Civ.R. 56(C) provide the parties notice in order to make such objections.
The trial court made its determination on February 13, 1997, the same day that Celina filed James Wade's deposition transcript. The trial court's judgment entry relies upon facts, such as when the Wades' first discovered problems with their home, that were supported by James Wade's deposition testimony. Because the deposition supporting Celina's motion for summary judgment and memorandum in opposition to Reynolds' motion for partial summary judgment was not timely under either the fourteen-day rule for the moving party and the one-day rule for the non-moving party, the trial court improperly ruled upon the motions. We find that the trial court erred by granting summary judgment in favor of Celina on the same day that Celina filed a deposition that the trial court relied upon in its summary judgment determination.
Reynold's first assignment of error is sustained. We need not consider Reynolds' other assignments of error. See App.R. 12(A)(1)(c). The judgment of the trial court is reversed and remanded for further proceedings consistent with this opinion.
Judgment reversed and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this court, directing the County of Lorain Common Pleas Court to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellee.
 Exceptions. _______________________________ LYNN C. SLABY
FOR THE COURT
BAIRD, J.
DICKINSON, J. CONCUR.