[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
ACCELERATED
 OPINION
This is an accelerated appeal taken from a final judgment of the Ashtabula County Court of Common Pleas. Appellant, David Mosgrove, appeals from the common pleas court's decision to grant summary judgment on behalf of his employer in a workers' compensation appeal.
Appellant was employed by appellee, SCM Chemical, Inc., as a maintenance worker. On December 11, 1991, appellant suffered an injury in the workplace when a hose attached to an oxygen acetylene torch exploded in close proximity to the left side of his head and upper body. It was undisputed that the accident occurred in the course of appellant's employment duties.
As a result of this workplace injury, appellant sought to participate in the State Insurance Fund. Since SCM Chemical was a self-insured employer, appellant filed a C-50 application with the Bureau of Workers' Compensation ("the Bureau") for payment of compensation and medical benefits. On this form, appellant listed "injury" and "contusion" under the section delineated "Nature of Injury." He listed "left ear," "left shoulder," and "left chest" under the section captioned "Part of Body." SCM Chemical certified appellant's claim for the conditions alleged on the C-50 application.
On July 2, 1992, appellant filed a C-86 motion with the Bureau requesting that his original claim be amended to include additional allowances for "trauma to ear, sudden hearing loss, TMJ [temporomandibular] dysfunction." To this motion, appellant attached a C-84 supplemental physician's report from Dr. Dorothy A. Lyons ("Dr. Lyons"). In the C-84 report, Dr. Lyons described the condition for which she was treating appellant as "headaches/facial pain." Appellant also submitted various diagnostic notes written by the doctor in which she described appellant's symptoms as facial pain, clicking of the jaw, and ear pain. Dr. Lyons ultimately diagnosed appellant as suffering from "temporomandibular joint dysfunction due to the explosion and traumatic involvement of the left temporal artery."
On April 10, 1992, Dr. Donald C. Mann ("Dr. Mann") performed a neurological examination on appellant at the request of SCM Chemical. Dr. Mann thereafter submitted a report to the company. In this report, Dr. Mann reported appellant's symptoms as "headaches in the occipital portion of the head" and "pain within the external opening of the ear on both sides[.]" Dr. Mann found no link between the December 11, 1991 workplace injury and the head and ear pain experienced by appellant.
Appellant's motion for the additional allowances wound its way through the administrative review process. Finally, on December 27, 1993, the Industrial Commission ("the Commission") issued an order stating in part that appellant's claim "is allowed for injury, left ear and left shoulder; contusion left shoulder and left chest, and is disallowed for temporary hearing loss left ear, TMJ dysfunction."
Following the disallowance of the additional conditions, appellant appealed to the Ashtabula County Court of Common Pleas. However, on April 10, 1995, appellant voluntarily dismissed the case without prejudice pursuant to Civ.R. 41(A)(1)(a). He did not refile the appeal within one year as allowed by R.C. 2305.19, the savings statute; therefore, his claims for temporary hearing loss in his left ear and TMJ dysfunction were permanently time-barred.
On April 28, 1995, appellant filed another C-86 motion with the Bureau requesting that his original claim be amended to include additional allowances for the following: (1) myofacial pain dysfunction, particularly in the right sternocleidomastoid and extreme pterygoid muscles and the suboccipital; and (2) occlusion conflict from centric relation occlusion and non-working interferences. The matter was referred to a district hearing officer who denied appellant's request to recognize the newly diagnosed conditions based on his finding that appellant "failed to establish, by a preponderance of the evidence on file, that the requested conditions are causally related to the 12/11/91 work-related injury." This decision was ultimately upheld on appeal to the Commission.
From the denial of his second C-86 motion, appellee again filed a notice of appeal in the Ashtabula County Court of Common Pleas. Along with the notice of appeal, appellant filed a complaint against SCM Chemical, the Bureau, and the Commission requesting a trial by jury to determine his right to participate in the State Insurance Fund. In response, SCM Chemical filed an answer to the complaint in which it asserted appellant's noncompliance with the notice requirement of R.C. 4123.84 as a defense. The Bureau and the Commission filed a separate answer.
Upon obtaining leave of the court, SCM Chemical filed a motion for summary judgment with an attached memorandum pursuant to Civ.R. 56. Appellant filed a brief in opposition to the motion for summary judgment. On February 4, 1998, the common pleas court granted the company's motion and entered judgment in favor of SCM Chemical, the Bureau, and the Commission. The common pleas court did so on the basis that appellant failed to give notice of injury to the specific body parts countenanced by the C-86 motion within two years of the date of injury as required by R.C. 4123.84.
From this judgment, appellant perfected a timely appeal to this court. He now asserts the following assignment of error:
 "The trial court erred, as a matter of law, by granting summary judgment against plaintiff-appellant upon his appeal of his worker's [sic] compensation claim for an additional allowance."
Under his lone assignment of error, appellant asserts that the common pleas court erred in granting SCM Chemical's motion for summary judgment. Specifically, appellant contends that the medical documentation he submitted in support of his first C-86 motion for additional allowances was sufficient to put the Bureau and the Commission on notice of the parts of his body that he subsequently claimed injury to in his second C-86 motion. Appellant further maintains that such notice was given within two years of the date of injury as required by R.C. 4123.84, thereby triggering the Commission's continuing jurisdiction to consider his amended claim pursuant to R.C. 4123.52.
In order to participate in the State Insurance Fund, an injured employee must file a workers' compensation claim within the time specified by law. R.C. 4123.84 prescribes the period of limitations governing actions for injuries and death.[1] It provides in part:
 "(A) In all cases of injury or death, claims for compensation or benefits for the specific part or parts of the body injured shall be forever barred unless, within two years after the injury or death:
"* * *
 "(3) In the event the employer is a self-insuring employer, one of the following has occurred:
 "(a) Written notice of the specific part or parts of the body claimed to have been injured has been given to the commission or bureau or the employer has furnished treatment by a licensed physician in the employ of an employer, provided, however, that the furnishing of such treatment shall not constitute a recognition of a claim as compensable, but shall do no more than satisfy the requirements of this section[.]"
The purpose of R.C. 4123.84 is to provide notification of a claim to employers, thereby enabling "the employers to protect themselves by prompt investigation of the injuries." Mewhorter v.Ex-Cell-O Corp. (1986), 23 Ohio St.3d 13, 14. It is primarily a notice requirement, as distinguished from a general statute of limitations. Id.
A claim is considered to have been filed when the Bureau or the Commission receives written notice of the claimed injury.[2]
Although the statute mandates the giving of written notice, such notice is not required to be "given on any particular form or on any particular blank of that form." Toler v. Copeland Corp.
(1983), 5 Ohio St.3d 88, syllabus. Moreover, written notice simply means notice of the specific part or parts of the body claimed to have been injured. Dent v. ATT Technologies, Inc.
(1988), 38 Ohio St.3d 187, syllabus. A claimant "is not required to include in such notice the specific nature of the physical condition or impairment resulting from such injury." Id.
The obligation to file a written notice of injury as mandated by R.C. 4123.84 rests solely with the claimant. The failure to provide proper notice results in a bar to any claim for workers' compensation benefits. Robertson v. Internatl. Harvester Co.
(1984), 21 Ohio App.3d 42, 45.
The Commission's ability to exercise continuing jurisdiction over a claim is contingent upon the claimant satisfying the R.C.4123.84 notice requirement. R.C. 4123.52 reads in part:
 "The jurisdiction of the industrial commission and the authority of the administrator of workers' compensation over each case is continuing, and the commission may make such modification or change with respect to former findings or orders with respect thereto, as, in its opinion is justified. No modification or change nor any finding or award in respect of any claim shall be made with respect to disability, compensation, dependency, or benefits, * * * unless written notice of claim for the specific part or parts of the body injured or disabled has been given as provided in section 4123.84 or 4123.85 of the Revised Code[.]" (Emphasis added.)
Thus, when R.C. 4123.84 and 4123.52 are read together, an injured employee must give written notice of the specific part or parts of the body claimed to have been injured within two years from the date of the workplace injury. If sufficient notice is provided by the claimant, the Commission has continuing jurisdiction to modify or change its prior order to include an additional condition which develops in the same body part or parts of which notice was previously given in the original claim.Dubose v. Trimble, Admr., Bur. of Workers' Comp. (June 10, 1994), Trumbull App. No. 93-T-4868, unreported, at 9, 1994 Ohio App. LEXIS 2547.
An injured employee, however, is not precluded from receiving additional benefits for a related injury that may arise in a body part not alleged in the original claim. The Supreme Court of Ohio has defined such a "flow-through" or "residual" injury as one developing in a body part not originally alleged per R.C.4123.84(A). Dent, 38 Ohio St.3d at 189. The Supreme Court has further held that a claimant is required to satisfy the notice requirements of R.C. 4123.84 for a flow-through condition within two years after the claimant "knew or should have known" of the condition in order to invoke the continuing jurisdiction of the Commission under R.C. 4123.52. Clementi v. Wean United, Inc.
(1988), 39 Ohio St.3d 342, 346-347.
We turn now to the case at bar. Initially, we observe that theClementi analysis as applied to flow-through conditions is inapplicable to appellant's claim. In both the common pleas court and this court, appellant argued that his April 28, 1995 C-86 motion requested additional allowances of certain conditions that had developed in the same parts of the body of which he had previously given notice.
As stated earlier, appellant requested in his second C-86 motion that his original workers' compensation claim be amended to include additional allowances for the following two conditions: (1) myofacial pain dysfunction, particularly in the right sternocleidomastoid and extreme pterygoid muscles and the suboccipital; and (2) occlusion conflict from centric relation occlusion and non-working interferences. In its judgment entry affirming the Commission's decision, the common pleas court described the former condition as "generalized pain in the right steinocleidomastoid [sic] muscle, which runs generally from the neck and behind the right ear, and the extreme pterygoid muscles, which are located inside the mandibular joint, which is located to the rear of the jaw." With regard to the latter condition, the common pleas court described it as a condition characterized by "improper contact between [the] upper and lower teeth."
For purposes of determining whether a claimant complied with the two-year notice requirement of R.C. 4123.84, this court has previously stated that the key is "`the initial notice stating which part or parts of the body appellant injured'" in the workplace accident. Dubose, 1994 Ohio App. LEXIS 2547, at 11, quoting Lawson v. Clark Rubber Co. (1993), 84 Ohio App.3d 831,834. In this case, appellant's original notice was given via the C-50 application that he filed with the Bureau. On this form, appellant listed his left ear, left shoulder, and left chest as the parts of his body affected.
Obviously, appellant's original claim did not suffice to provide the Bureau or the Commission notice of the parts of the body affected by the additional conditions alleged in the April 28, 1995 C-86 motion. Even appellant concedes as much.
It is uncontroverted that appellant's industrial injury occurred on December 11, 1991. Therefore, in order to satisfy the notice requirement of R.C. 4123.84, he had until December 11, 1993 to notify the Bureau or the Commission of the relevant body parts affected. Appellant subsequently filed his first C-86 motion for additional allowances on July 2, 1992, well-within the time allowed for providing notice. Appellant did not submit his second C-86 motion until April 28, 1995, well beyond the two-year notice period.
On appeal, appellant's primary argument appears to be that the July 2, 1992 C-86 motion and supporting documentation were sufficient to notify the Bureau and the Commission of the body parts affected by the additional conditions alleged in the April 28, 1995 C-86 motion. The former motion asked for recognition of "trauma to ear, sudden hearing loss, TMJ dysfunction" as additional allowances.
Along with this motion, appellant submitted reports from various physicians, including Dr. Lyons, in which appellant reported symptoms such as headaches, facial pain, clicking of the jaw, and ear pain. As noted earlier, SCM Chemical also referred appellant to Dr. Mann for a neurological examination. In his report to the company, Dr. Mann described appellant as suffering from "pain within the external opening of the ear on both sides[.]"
Civ.R. 56(C) sets forth the standard for addressing a motion for summary judgment. In order to prevail, the moving party must establish that: (1) no genuine issue of material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the nonmovant. Civ.R. 56(C); Leibreichv. A.J. Refrigeration, Inc. (1993), 67 Ohio St.3d 266, 268; Davisv. Loopco Industries, Inc. (1993), 66 Ohio St.3d 64, 65-66; Millerv. Sports Page (Sept. 30, 1998), Geauga App. No. 97-G-2104, unreported, at 4, 1998 Ohio App. LEXIS 4620. An appellate court applies a de novo standard of review when determining whether a trial court properly granted summary judgment. McCallister v.Portsmouth (1996), 109 Ohio App.3d 807, 810; Burkholder v.Straughn (June 26, 1998), Trumbull App. No. 97-T-0146, unreported, at 6, 1998 Ohio App. LEXIS 2895.
In a summary judgment exercise, the determination of whether a claimant's motion for an additional allowance was timely filed is a question of fact. Forster v. Ohio Bur. of Workers' Comp.
(1995), 102 Ohio App.3d 744, 746; Hoar v. Schneider Transport,Inc. (1991), 68 Ohio App.3d 450, 452; Meyers v. Avery DennisonCorp. (Sept. 18, 1998), Lake App. No. 97-L-105, unreported, at 18, 1998 Ohio App. LEXIS 4375. If reasonable minds could differ as to whether timely notice was given to the Bureau or the Commission, then summary judgment is inappropriate.
Upon review, we conclude that reasonable minds could differ on the question of whether the Bureau or the Commission had previously been given timely notice of the parts of the body referenced in appellant's second C-86 motion. There is a legitimate factual dispute over whether the physicians' reports and notes cited by appellant met the notice requirement of R.C.4123.84. Specifically, the C-84 supplemental physician's report from Dr. Lyons, her diagnostic notes, and Dr. Mann's report combine to raise a genuine question of fact as to whether they provided sufficient notice of the same body parts affected by the additional conditions set forth in appellant's April 28, 1995 C-86 motion.
Although it is essential that the injured employee give written notice of the specific part or parts of the body claimed to have been injured, it should be remembered that a claimant is not required to include the specific nature of the physical condition or impairment. Pursuant to R.C. 4123.95, we are required to construe the notice provisions of R.C. 4123.84 liberally in favor of the claimant.
Under a liberal construction of the statute, a trier of fact could determine that the documentation submitted by appellant sufficed to provide notice not only to the Bureau or the Commission, but also to SCM Chemical, that appellant was complaining of injury to his jaw/mouth region. Although general symptomatic terms such as "headaches" and "facial pain" may be too ambiguous to constitute proper notice, there is evidence to suggest that appellant reported ear pain on both sides of his head and jaw/mouth pain to the various physicians who examined him within two years of the industrial accident. Given this, there is a question of fact as to whether appellant provided timely notice of the specific body parts alluded to in his April 28, 1995 C-86 motion, and the common pleas court should not have granted summary judgment on behalf of SCM Chemical.
Based on the foregoing analysis, appellant's assignment of error is well-taken. Accordingly, the judgment of the common pleas court is reversed, and the cause is hereby remanded for further proceedings consistent with this opinion. ___________________________ JUDGE JUDITH A. CHRISTLEY
FORD, P.J.,
NADER, J., concur.
[1] R.C. 4123.85 sets forth the corresponding time limitations governing actions for occupational diseases. Since appellant in the case sub judice is alleging injury rather than occupational disease, our analysis will focus on R.C. 4123.84.
[2] The current version of R.C. 4123.84 actually provides that "[n]otwithstanding the requirement that the notice required to be given to the bureau, commission, or employer under this section is to be in writing, the bureau may accept, assign a claim number, and process a notice provided by any method of telecommunication." R.C. 4123.84(E).