OPINION
This is an appeal from summary judgment granted by the Ashtabula County Court of Common Pleas, rendering judgment in favor of appellee, Erie Insurance Group and against appellant, Debra Phelps, individually and as administratrix of the Estate of Shanika Isom.
On April 12, 1997, Shanika Isom ("decedent") and Ryan Turner ("Ryan") were passengers in a car owned by Phillip Garcia and driven by Dania Turner. The car, driven by Ms. Turner, was involved in an auto accident with a pickup truck driven by Thomas Middleton ("Middleton"). After the Middleton truck struck the car, the car hit a second pickup truck driven by James Titman, Jr. Decedent and Ryan were killed as a direct result of the accident.
At the time of the accident, the car was insured by a policy of automobile insurance issued by the Erie Insurance Company ("Erie"). The policy was effective from April 6, 1997 to April 6, 1998, and provided for uninsured/underinsured motorist coverage in the amount of $100,000 per person and $300,000 per occurrence. Middleton was insured by the American Select Insurance Company ("American") for liability of $100,000 per person and $300,000 per occurrence.
On behalf of Middleton, American paid its per-person policy limit of $100,000 to appellant, Debra Phelps, administrator of decedent's estate. The settlement was divided among the beneficiaries of decedent's estate. American also paid $100,000 to Kathryn Turner, co-administrator of Ryan's estate. On June 20, 1997, appellant filed suit against Erie for underinsured motorist coverage. The case was consolidated with a case filed against Erie by Ryan's estate. On October 19, 1998, Erie filed a motion for summary judgment against appellant and Ryan's estate. The trial court granted Erie's motion and rendered judgment in favor of Erie.
Appellant filed a timely appeal of the trial court's judgment, raising the following assignments of error:
 "[1.] Summary judgment is inappropriate because Senate Bill 20 violates the Ohio constitution which provides that damages arising from wrongful death cannot be limited by law, and thus, a genuine issue of material fact exists as to whether plaintiffs are entitled to UIM [sic] coverage under the Erie policy."
 "[2.] Summary judgment is inappropriate because SB20 violates the Equal Protection Clause of the Ohio and federal constitutions."
 "[3.] Summary judgment is inappropriate because the amount of benefits available for payment to the plaintiffs from the liability insurance policy is less than the amount of Erie's UIM policy limit, and thus, a genuine issue of material fact exists as to whether plaintiffs are entitled to UIM benefits under the Erie policy."
In appellant's first and second assignments of error, she argues that the court erred in granting summary judgment because Am.S.B. No. 20, ("Senate Bill 20"), which governs uninsured/underinsured motorist insurance, is unconstitutional. Appellant argues that Senate Bill 20 is unconstitutional because it limits damages recoverable in a wrongful death case, in contravention of Article 1, Section 19a of the Ohio Constitution. In addition, appellant argues that Senate Bill 20 is unconstitutional because it limits the damages victims of automobile accidents as a class can receive, but it does not limit the recovery of other wrongful death plaintiffs.
This court considered and rejected these constitutional arguments in the companion case to the case sub judice, Turner v. Erie Ins. Group
(April 6, 2001), Ashtabula App. No. 99-A-0045, unreported, 2001 WL 335931. In the Turner opinion, we held that Senate Bill 20 does not place any limits on recovery in wrongful death actions; it simply regulates insurance contracts. Because the tortfeasor is the party against whom wrongful death actions lie, not the insurance company, Senate Bill 20 places no restrictions on plaintiffs' ability to obtain wrongful death damages. Appellant's first and second assignments of error are without merit.
In her third assignment of error, appellant argues that, when determining whether a defendant is underinsured, one must look at whether the amounts actually payable to each beneficiary by the liability insurer are less than the underinsured motorist coverage limit, rather than looking at whether the coverage limit of the liability insurer is less than the coverage limit of the underinsured motorist insurance. Appellant argues that, because the $100,000 settlement was divided among the beneficiaries of decedent's estate, the amount payable to each beneficiary was less than the $100,000 limit of the underinsured motorist policy, and thus, the beneficiaries of the estate are entitled to receive underinsured motorist payments.
When reviewing a trial court's grant of summary judgment, an appellate court applies a de novo standard of review. McCallister v. Portsmouth
(1996), 109 Ohio App.3d 807, 810. Thus, an appellate court will apply the same standard used by the trial court. Sommer v. French (1996),115 Ohio App.3d 101, 103.
To obtain summary judgment, the moving party must demonstrate:
 "(1) that there is no genuine issue as to any material fact; (2) that the moving party is entitled to judgment as a matter of law; and (3) that reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, who is entitled to have the evidence construed most strongly in his favor." Harless v. Willis Day Warehousing Co. (1978), 54 Ohio St.2d 64, 66.
The parties entered into a stipulation of facts relevant to a determination of whether appellant was legally entitled to underinsured motorist benefits; therefore, there are no genuine issues of material fact and only legal issues remain.
When a court interprets an automobile insurance contract, the statutory law in effect at the time of entering into the contract controls the rights and duties of the contracting parties. Ross v. Farmers Ins. Groupof Companies (1998), 82 Ohio St.3d 281, 287. We must, therefore, interpret the Erie contract in light of the statutes as they existed on April 6, 1997.
At the time the insurance contract was executed, R.C. 3937.18(A)(2) provided that:
 Underinsured motorist coverage, which shall be in an amount of coverage equivalent to the automobile liability or motor vehicle liability coverage and shall provide protection for insureds thereunder for bodily injury, sickness, or disease, including death, suffered by any person insured under the policy, where the limits of coverage available for payment to the insured under all bodily injury liability bonds and insurance policies covering persons liable to the insured are less than the limits for the insured's uninsured motorist coverage. Underinsured motorist coverage is not and shall not be excess insurance to other applicable liability coverages, and shall be provided only to afford the insured an amount of protection not greater than that which would be available under the insured's uninsured motorist coverage if the person or persons liable were uninsured at the time of the accident. The policy limits of the underinsured motorist coverage shall be reduced by those amounts available for payment under all applicable bodily injury liability bonds and insurance policies covering persons liable to the insured. (Emphasis added).
In a recent decision interpreting this section of the statute, the Supreme Court of Ohio held that, "[f]or the purpose of setoff, the `amounts available for payment' language in R.C. 3937.18(A)(2) means the amounts actually accessible to and recoverable by an underinsured motorist claimant from all bodily injury liability bonds and insurance policies (including from the tortfeasor's liability carrier)." Clark v.Scarpelli (2001), 91 Ohio St.3d 271, syllabus. Thus, the court must look at the amounts actually recovered from the other insurance, rather than comparing policy limits, as the trial court did. Id. at 276.
However, at the time the policy was executed, R.C. 3937.18(H) also provided that:
 "Any automobile liability or motor vehicle liability policy of insurance that includes coverages offered under division (A) of this section and that provides a limit of coverage for payment for damages for bodily injury, including death, sustained by any one person in any one automobile accident, may, notwithstanding Chapter 2125. of the Revised Code, include terms and conditions to the effect that all claims resulting from or arising out of any one person's bodily injury, including death, shall collectively be subject to the limit of the policy applicable to bodily injury, including death, sustained by one person, and, for the purpose of such policy limit shall constitute a single claim. Any such policy limit shall be enforceable regardless of the number of insureds, claims made, vehicles or premiums shown in the declarations or policy, or vehicles involved in the accident."
The underinsured motorist policy at issue in this case provides, in pertinent part, that:
 "All claims resulting from or arising out of any one person's bodily injury, including death, shall collectively be subject to the limit of the policy applicable to bodily injury, including death, sustained by one person, and, for the purpose of such policy limit shall constitute a single claim. This limit shall apply regardless of the number of persons we protect, autos we insure, claims made or premiums shown on the Declaration, or autos involved in the accident."
This language clearly and unambiguously consolidates all claims resulting from the death of a single person into a single claim. SeeClark, supra at 282. Thus, the survivorship claim of the estate and all wrongful death claims are restricted to the single-person limit of $100,000 as set forth in the policy. As appellant received a settlement of $100,000 from American, the amount actually received by appellant was identical to the amount of underinsured motorist coverage. Thus, the amount paid by the American policy completely offsets the amount available from the Erie policy, and appellants are not entitled to underinsured motorist coverage.
Because appellant is, as a matter of law, not entitled to any underinsured motorist coverage, the trial court did not err by granting summary judgment in favor of Erie. Appellant's third assignment of error is without merit.
For the foregoing reasons, the judgment of the Ashtabula County Court of Common Pleas is affirmed.
O'NEILL, P.J., FORD, J., concur.